OPINION
At around 3:30 A.M. on March 3, 1997, the Johnstown Police Department received a complaint by employees of Process Bonding, Inc. (PBI). The employees complained of two trucks driving recklessly in a field behind PBI and an adjacent business. Officer Strain of the Johnstown Police Department responded to the complaint, but upon his arrival, was unable to find the complained of vehicles. In an attempt to locate the vehicles, Officer Strain directly contacted one of the employees at PBI. The employee explained that the driver of one truck, a black four-wheel drive, was intoxicated and most recently was seen pulling onto Sportsman Club Road. During the conversation, Officer Strain observed a black four-wheel drive truck parked at the edge of the field in the parking lot behind PBI.
Upon approaching the truck, the officer noticed mud on the truck and mud tracks leaving the field to where the truck was parked. The truck was not running and did not have a visible license plate. Appellant Lawrence Finnegan was sitting behind the steering wheel, peering just above the dashboard at Officer Strain.
The officer asked appellant to step from the vehicle. Appellant initially refused. Appellant shifted around in the truck, and proceeded to open the door. Because of appellant's strange movements, the officer asked appellant to step out of the vehicle so he could observe his movements and hands. Appellant stumbled when stepping out of the vehicle. Officer Strain detected mud on appellant's boots, and a strong smell of alcohol about his person. Appellant refused to provide any information to the officer, including his name or the location of the vehicle's keys. Officer Strain informed appellant that he was permitted to detain him until he learned his identity. Appellant responded, "Why, I wasn't driving, I'm just sitting here. You didn't see me doing that, you got here after I was sitting here, besides, that's private property." At this time, Officer Strain placed appellant under arrest.
Appellant was taken to the New Albany Police Department, where a breath analysis test revealed that he was intoxicated. Appellant was charged with Driving Under Suspension, and a felony Driving Under the Influence offense.
Appellant sought to suppress evidence obtained by Officer Strain, including the results of the breath analysis test and any statements made by him. Appellant argued that the evidence was obtained in violation of his constitutional right to be free from unreasonable seizure. Appellant claimed that the officer lacked a reasonable suspicion of criminal activity to justify the detention, and that the officer could not arrest appellant because the crime was not committed in his presence. The court overruled the motion to suppress. Appellant entered a plea of no contest to both charges, and was convicted. He was sentenced to sixty days incarceration. Appellant assigns a single error:
ASSIGNMENT OF ERROR:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS THE EVIDENCE OBTAINED IN VIOLATION OF MR. FINNEGAN'S OHIO AND UNITED STATES CONSTITUTIONAL RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES.
A police officer is permitted to make a warrantless stop for investigative purposes if the officer has a reasonable suspicion, based on specific and articulable facts, that criminal activity either has occurred or will occur. Terry vs. Ohio (1968),393 U.S. 1. An anonymous tip, corroborated by independent police work, may exhibit sufficient indicia of reliability to provide a reasonable suspicion to make an investigatory stop. Alabama vs.White (1990), 496 U.S. 325.
In the instant case, the officer received an anonymous tip alleging reckless driving in a field behind the PBI property. Upon arriving at the factory, the officer spoke with one of the supervisors. The supervisor reported to the officer that one of the employees, who was not working that evening, had been in and out of the plant. The supervisor informed the officer that he had spotted this employee driving in a field, and that he was extremely intoxicated while he was in the plant. The supervisor further informed the officer that the former employee had been thrown out of the plant several times. While speaking to the supervisor, the officer looked toward the back of the parking lot, and saw a black truck matching the description given by the supervisor. Upon approaching the truck, he observed wet mud from the truck frame and tires, and fresh tire tracks running from the truck back into the field. Further, the truck had no visible license plates. This was sufficient corroboration of the original tip to allow Officer Strain to make an investigatory stop.
Once reasonable suspicion is found for an investigatory stop, an officer must have probable cause to arrest the suspect without a warrant. After coming into contact with appellant, the officer noticed that the truck was littered with beer cans and bottles, and he detected a strong odor of alcohol. Appellant was belligerent when questioned about his identification. Appellant stumbled when getting out of the truck. The officer had probable cause to believe appellant was intoxicated.
The officer further had probable cause to believe that appellant had recently been operating the vehicle. The truck matched the description of the report he had received from PBI employees concerning a truck driving around in the field. There was wet mud on the truck frame and tires, and on appellant's boots. Appellant's statement, "You didn't see me doing that, you got here after I was sitting here, besides that is private property," implied that appellant had recently been operating the vehicle. Although the truck was not running and the officer did not see a key, the truck was capable of being operated without a key. This was sufficient evidence to give the officer probable cause to arrest appellant for DUI.
After appellant was placed in the cruiser, he was identified by the supervisor as Lawrence Finnegan. Following this identification, the officer learned that appellant had no driving privileges.
The Assignment of Error is overruled.
The judgment of the Licking County Common Pleas Court is affirmed.
Reader, J. Gwin, P. J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 97-CA-116
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court is affirmed. Costs to appellant.